**SUPREME COURT OF PENNSYLVANIA**
**DOMESTIC RELATIONS PROCEDURAL RULES COMMITTEE**

**ADOPTION REPORT**

On January 20, 2022, the Supreme Court of Pennsylvania adopted Recommendation 2 of 2021 of the Domestic Relations Procedural Rules Committee (Committee). The Recommendation amends Pa.R.Civ.P. 1915.11. This rule addresses the appointment of a child's attorney in a custody case, the child interview by the court, and a child attending various court proceedings. The Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained in this Adoption Report are those of the Committee, not the Court.

The Committee received correspondence suggesting Pa.R.Civ.P. 1915.11(b) infringes upon a self-represented party's ability to represent himself or herself by not permitting the self-represented party to participate in the child interview in the same manner as a represented party through counsel. Currently, Pa.R.Civ.P. 1915.11(b) provides that the court may interview the child in the presence of the parties' attorneys and, if the court permits, the parties. Moreover, the current rule permits a party's attorney to question the child, but not a self-represented party, which was the basis for the proposed rulemaking. This specific provision creates the appearance of a disadvantage to the self-represented party by not allowing that party to put forth questions to the child that are relevant to the self-represented party's case and, presumably, the child's best interest. The Committee agreed this distinctively dissimilar treatment between represented and self-represented parties could impact the court's best interest analysis. Bearing in mind the court's overall concern in child custody cases is the child's best interest, including the process of determining the child's best interest, the Committee believes the Recommendation strikes a balance between the self-represented party's right to present evidence for determining the child's best interest and the child's best interest in addressing the court's questions without intimidation or fear.

The Recommendation does not substantively amend subdivisions (a) and (c) with revisions in those subdivisions limited to stylistic changes. Instead, the Recommendation's substantive amendments are included in subdivision (b), which has been restyled, as well. This subdivision provides the court with two options for the parties or counsel to participate in the child interview. First, subdivision (b) incorporates the current rule's provision of permitting an attorney to question the child under the court's supervision into subdivision (b)(4)(i) but adds the qualifier requiring that all parties are represented; and second, the Recommendation adds subdivision (b)(4)(ii) as an additional option for the court to allow counsel and a self-represented party to submit

to the court written questions that are directed to the child, which the court may include in its child interview.

The amendment becomes effective April 1, 2022.